IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD G. SETO and ROSEMARY SETO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:10-cv-00505 |
| STATE FARM INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is the MOTION FOR PARTIAL SUMMARY JUDGMENT filed by Defendant, State Farm Insurance Company ("State Farm") (Document No. 28). The motion has been thoroughly brief by both State Farm and Plaintiff, Harold G. Seto and Rosemary Seto (Document Nos. 29, 32, and 34). The parties have fully stated their respective positions regarding the Concise Statement of Material Facts and have submitted numerous exhibits (Document No. 30, 31, and 33). The motion is ripe for disposition.

**FACTUAL BACKGROUND**

This is an insurance coverage case in which Plaintiffs allege breach of contract and bad faith under 42 Pa. C.S.A. § 8371. The case arises out of two fires of undetermined cause that occurred in Plaintiffs, Harold G. Seto and Rosemary Seto (the "Setos") home on December 24, 2008 and March 2, 2009. At the time of the fires, Plaintiffs maintained a homeowner's insurance policy issued by State Farm. The policy included coverage for the Setos' dwelling, personal property, and additional living expense ("ALE"). Plaintiffs contend that State Farm has not fully compensated them for the loss arising from the two fires that destroyed their home.

1

On December 25, 2008, one day after the first fire, a State Farm representative spoke with Mr. Seto, who advised that the fire marshal was investigating the cause of the fire. During the conversation, the State Farm representative authorized a hotel stay for the Setos and advised Mr. Seto to save all receipts, including those for clothing and toiletries. On December 26, 2008, Justin Sullivan ("Sullivan"), the State Farm Claim Representative who handled the Setos' claim submissions under their homeowner's insurance policy, retained an origin and cause expert to inspect the Setos' property. On December 28, 2008, Sullivan met with Mr. Seto and completed an initial inspection. At that meeting, Sullivan explained coverage under the policy and issued an advance. According to Sullivan, as a result of this initial inspection, he made the following determinations:

> "a.    All contents were damaged beyond cleaning.
>
> b.    The structure had been partially destroyed and suffered extension (sic) framing damage. The estimated period of repair was eight months.
>
> c.    Housing would be set up through "ALE solutions." In the interim, the Setos' hotel bills would be paid under coverage for Additional Living Expense ("ALE")."

Sullivan Affidavit, at ¶ 5.

On December 29, 2008, Sullivan spoke with the origin and cause expert retained by State Farm. The expert advised Sullivan that the cause of the fire was undetermined and that Christmas lights may have caused the fire.

On January 27, 2009, within a month of beginning its investigation and review, State Farm issued the Setos a draft in the amount of $116,321.67, which represented the actual cash value ("ACV") for the damages to their dwelling. Contemporaneously with sending the payment for the damages to the dwelling, State Farm also sent the Setos an estimate which itemized damages, replacement costs, and ACV.

After the first fire, the Setos hired Mihalko's General Contracting, Inc. to perform a damage appraisal. Brian Mrozek performed the appraisal on behalf of Mihalko's, and his estimate set replacement cost value ("RCV") at $208,061.01. On February 23, 2009, Mrozek sent his estimate to Sullivan of State Farm, which was $50,000 higher than State Farm's estimate. That same day, Sullivan called Mr. Seto and explained that he would review the Mihalko's estimate, and would get back to him the following week.

One week later, on March 2, 2009, a second fire occurred, which totally destroyed the Setos' home. The second fire appeared to be incendiary. After the second fire, State Farm referred the Setos' claim to its Special Investigative Unit (the "SIU"). Ultimately, the SIU's investigation did not reveal the origin and/or cause of the second fire and the referral to SIU for the second fire was closed.

State Farm thereafter prepared an estimate for the additional damages caused as a result of the second fire. On May 4, 2009, State Farm issued to the Setos a draft in the amount of $43,635.02 along with a copy of its estimate.

On August 15, 2009, the Setos acquired a second estimate from Mihalko's for the total damage caused to their dwelling by the two fires. This estimate, however, was not given to State Farm until after this lawsuit had been filed.[1]

On November 20, 2009, the parties settled the property loss portion of the claims by virtue of State Farm issuing to the Setos a check in the amount of $157,717.00. State Farm had

---

[1] Plaintiffs admit that State Farm was not provided a copy of Mihalko's second estimate until after the Setos filed suit. *See* Pl's Responsive Concise Stmt of Material Facts, ¶ 37. However, Plaintiffs contradict themselves in ¶ 38, wherein they state that the Mihalko's second estimate was provided to State Farm in August of 2009, which would have been four (4) months prior to the Praecipe for Writ of Summons being filed and seven (7) months prior to the filing of the Complaint.

previously advanced $2,500.00 to the Setos.  State Farm also paid ALE benefits totaling $30,425.01.

On December 9, 2009, the Setos filed a Praecipe for Writ of Summons in the Court of Common Pleas of Fayette County, Pennsylvania.  On December 22, 2009, State Farm was served with the Praecipe for Writ of Summons.  On March 24, 2010, State Farm was served with the Complaint.[2]  Prior to the Setos filing suit, State Farm had paid total benefits, for the two fires combined, equal to $355,098.70.  On March 15, 2011, State Farm issued a supplement ACV payment to the Setos in the amount of $29,000.00 based upon its review of the Mihalko's second estimate.

From April 2009 to February 2010, the Setos resided in Florida.   The Setos have sold their fire-damaged property to a gas company for $15,000.00.

The Setos are claiming that State Farm engaged in bad faith conduct in three ways:

1. In engaging in unreasonable delay in responding to the second Mihalko's estimate;

2. In "low balling" its valuations of numerous components of the Plaintiffs' home; and

3. By refusing to pay additional ALE benefits for the time period during which the Setos resided in Florida.[3]

---

[2]  The case was removed to this Court from Fayette County Court of Common Pleas by the Defendant on April 20, 2010, on the basis of the Court's diversity jurisdiction.

[3]  Although Paragraph 19 of the Complaint states that State Farm has "failed to compensate Plaintiffs in any amount for the structure damage, i.e., damage sustained to the Dwelling in either of the aforesaid fires," Plaintiffs have confirmed they are seeking only additional dwelling and ALE coverage.  *See* Document Nos. 30 and 33, at ¶ 44.

4

STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

> [Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

> The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. Celotex, 477 U.S. at 323. The "existence of disputed issued of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (quoting Pittsburgh gage & Supply Co., 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224 (3d Cir. 1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' - - that is, point out to the District Court - - that there is

5

an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the moving party has carried this burden, the burden shifts to the non-moving party, who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230. When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson,* 477 U.S. at 249-250.

### LEGAL ANALYSIS

The Complaint in this diversity case asserts two claims under Pennsylvania law: (1) bad faith insurance practices pursuant to 42 Pa. C.S.A. § 8371; and (2) breach of contract. State Farm has moved for summary judgment only as to the bad faith claim.

Pennsylvania case law is clear that a party which seeks to prove a bad faith claim must establish by <u>clear and convincing evidence</u> that the insurance company acted in bad faith without a reasonable basis for denying the claim, and that it knowingly or recklessly disregarded its lack of a reasonable basis to do so. *W. V. Realty Inc. v. Northern Ins. Co.,* 334 F.3d 306, 312 (3d Cir. 2003). "Bad faith" is not defined in the statute, but the United States Court of Appeals for the Third Circuit has predicted that the Pennsylvania Supreme Court would define the term as set forth in *Terletsky v. Prudential Property and Casualty Ins. Co*., 649 A.2d 680 (Pa. Super. Ct. 1994). *Keefe v. Prudential Property and Cas. Ins. Co*., 203 F.3d 28, 225 (3d Cir. 2000). In *Terletsky*, the court defined "bad faith" as follows:

> "Bad faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of known duty (i.e., good faith

and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Terletsky*, 649 A.2d at 688 (*quoting* Black's Law Dictionary 139 (6th ed. 1990). *See, e.g., Nordi v. Keystone Health Plan West, Inc.*, 989 A.3d 376, 384 (Pa. Super. Ct. 2010); *Brickman Grp., Ltd v. CGU Ins. Co.,* 865 A.2d 918, 930 (Pa. Super. Ct. 2004). Cases from the Third Circuit, which appropriately follow Pennsylvania law, set forth the same standards for a Pennsylvania bad faith action. *See, e.g., W. V. Realty Inc. v. Northern Ins. Co.*, 334 F.3d 306, 312 (3d Cir. 2003); *Polselli v. Nationwide Mut. Fire Ins. Co.,* 23 F.3d 747, 751-52 (3d Cir. 1994). At trial, plaintiff must prove bad faith by clear and convincing evidence, and thus, his burden of producing evidence in support of his claim at summary judgment is substantial. *Kearns v. Minnesota Mut. Life Ins. Co.,* 75 F. Supp.2d 413, 421 (E.D. Pa. 1999).

1. <u>Delay</u>

While delay is a relevant factor in determining whether the insurer has acted in bad faith, "a long period of delay between demand and settlement does not, on its own, necessarily constitute bad faith." *Kosierowski v. Allstate Ins. Co.*, 51 F.Supp.2d 583, 588–89 (E.D. Pa. 1999). In order for an insured to recover for bad faith stemming from delay, an insured must demonstrate that "the delay is attributable to the defendant, that the defendant had no reasonable basis for the actions it undertook which resulted in the delay, and that the defendant knew or recklessly disregarded the fact that it had no reasonable basis to deny payment." *Thomer v. Allstate Ins. Co.*, 790 F. Supp.2d 360, 370 (E.D. Pa. 2011) (quoting *Wiedinmyer v. Harleysville Mut. Ins. Co.*, No. 94–19450, 1999 WL 1324202 at *215 (Pa.Com.Pl. Aug. 5, 1999) (citing generally *Quaciari v. Allstate Ins. Co.*, 998 F. Supp. 578 (E.D.Pa.1998)).

Plaintiffs argue that although State Farm was provided with the August 2009 second Mihalko's estimate, it did not respond until March 11, 2011. The record evidence, however, reflects that Plaintiffs never personally submitted the second Mihalko's estimate to State Farm, but rather State Farm received a copy of the estimate when Plaintiffs served their Complaint in late March 2010. The Court finds that much of the delay was directly caused by the failure of Plaintiffs to provide State Farm with this second estimate when they received it in August 2009.

Further, the Court also finds that some of the delay was outside the control of State Farm and, therefore, not attributable to it. For instance, after Plaintiffs filed this lawsuit, State Farm engaged in settlement discussions with Plaintiffs, including two early neutral evaluation ("ENE") hearings in which the estimate was discussed. State Farm also engaged in discovery, including serving a subpoena on Brian Mrozek, the author of the second Mihalko's estimate. Ultimately in March 2010, State Farm issued a supplemental payment of $29,000.00 to the Setos based on its review of the second estimate and discussions which occurred during the ENE hearings.

Moreover, the Court finds that any delay attributable to State Farm is supported by a reasonable basis as it was actively engaged in investigation, valuations, and negotiations.

Accordingly, the Court finds that Plaintiffs have not established by clear and convincing evidence that there was no reasonable basis for the delay in State Farm responding to the second Mihalko's estimate.

2.   "Low Balling"

Plaintiffs contend that State Farm's ACV estimates and corresponding payments for dwelling coverage are lower than the estimates obtained by Plaintiffs and therefore constitute bad faith conduct. Generally, Pennsylvania law does not treat as bad faith an insurer's low but

8

reasonable estimate of an insured's losses. *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004). Nevertheless, low-ball offers which bear no reasonable relationship to an insured's actual losses can constitute bad faith within the meaning of § 8371. *Id.* The insured must demonstrate that the insurer "breached its duty of good faith through some motive of self-interest or ill-will." *Id.* at 1143 (*quoting Brown v. Progressive Insurance Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).

In order to recover, plaintiff must show that the defendant did not have a reasonable basis for its claim handling and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. *Petrecca v. Allstate Ins. Co.*, 797 A.2d 322, 325 (Pa. Super. Ct. 2002) *(quoting Terlestsky,* 649 A.2d at 688. "These two elements—absence of a reasonable basis for denying a claim under the policy and knowledge or reckless disregard of the lack of such reasonable basis—must be proven by clear and convincing evidence." *Krisa v. Equitable Life Assurance Society,* 113 F.Supp.2d. 694, 703 (M.D. Pa. 2000) (*citing Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997)).

> For an insurance company to show that it had a reasonable basis, an insurance company is not required to demonstrate its investigation yielded the correct conclusion or even that its conclusion more likely than not was accurate. The insurance company also is not required to show the process by which it reached its conclusion was flawless or that the investigatory methods it employed eliminated possibilities at odds with its conclusion. Rather an insurance company simply must show it conducted a review or investigation sufficiently thorough to yield a reasonable foundation for its action.

*Krisa*, 113 F. Supp.2d at 704.

Plaintiffs' argument fails for a number of reasons. First, after the first fire, State Farm immediately inspected the property, created an itemized estimate of damages, and promptly paid $116,321.67 to Plaintiffs. Then when State Farm received a higher estimate from a contractor

hired by Plaintiffs, it agreed to review and consider that estimate. However, before State Farm could fully review and consider that estimate, a second fire occurred at the Setos' home.

Because the second fire appeared to be incendiary, State Farm performed a two-month investigation. At the close of the investigation, State Farm paid an additional $43,635.02 to Plaintiffs for their dwelling. Thereafter, Plaintiffs submitted to State Farm a higher estimate from a contractor they hired. State Farm reviewed and considered the second estimate and issued a supplemental payment of $29,000.00.

In support of their position that State Farm's valuation of the loss was "incomplete to the extreme," Plaintiffs point to the opinion of their expert witness, Charles E. Lego, III. Federal Rule of Civil Procedure 56(c)(1)(A) provides that a party asserting that a fact is genuinely disputed must support that assertion with an affidavit or declaration. The United States Court of Appeals for the Third Circuit has found that an unsworn expert report "is not competent to be considered on a motion for summary judgment." *Fowle v. C & C Cola*, 8 68 F.2d 59, 67 (3d Cir. 1989) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17 (1980); *see also Jackson v. Egyptian Navigation Co.*, 222 F.Supp.2d 700, 709 (E.D. Pa. 2002) (finding that an unsworn expert report cannot be considered as evidence for a motion for summary judgment). Given that the expert report submitted in this case was merely signed and not supported by an affidavit or declaration, the report is "not competent to be considered" in support of Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment.

The Court recognizes that Federal Rule of Civil Procedure 56 was amended effective December of 2010 to provide that a declaration, that is an unsworn statement subscribed to under penalty of perjury, can substitute for an affidavit. See Fed.R.Civ.P. 56 advisory committee's note; *see also Ray v. Pinnacle Health Hosps.*, Inc., Nos. 09–4508, 10–3571, 2010 WL 4704455,

at *8 n. 8 (3d Cir. Nov.22, 2010) (noting that "unsworn declarations may substitute for sworn affidavits where they are made under penalty of perjury and otherwise comply with the requirements of 28 U.S.C. § 1746"). Because the expert report submitted by Plaintiffs in this case was not sworn to under penalty of perjury, see 28 U.S.C. § 1746, the amendment to Federal Rule of Civil Procedure 56 does not save Plaintiff's expert report.[4]

Based on the summary judgment record evidence, the Court finds that State Farm has demonstrated that it conducted an investigation sufficiently thorough to yield a reasonable foundation for its action. On the other hand, Plaintiffs have not demonstrated by clear and convincing evidence that State Farm had no reasonable basis for the amounts of the payments it made to Plaintiffs. A low, but reasonable offer, is simply not evidence of bad faith. *O'Donnell v. Allstate Ins. Co.*, 734 A.3d 901, 910 (Pa. Super. Ct. 1999) (noting that in the absence of evidence of dishonest purpose or ill-will, it is not bad faith to take a stand with a reasonable basis or to "aggressively investigate and protect its interests.").

Further, Plaintiffs have adduced no evidence that establishes by clear and convincing evidence any indicia of self-interest, ill will or unreasonable behavior on the part of State Farm. Likewise, there is no evidence to suggest that State Farm's conduct in handling the Setos' claims was motivated by a dishonest or improper purpose. Accordingly, the Court finds that Plaintiffs have not proven by clear and convincing evidence that State Farm's estimates of loss were not reasonable.

---

[4] Even if the Court were to accept the proferred expert report as evidence, the Court finds that the Lego report simply does not assist the Court on the bad faith issue. The opinions of Mr. Lego standing alone are not sufficient to create an issue of material fact as to the issue of whether State Farm acted in bad faith.

3. <u>Request for Additional ALE</u>

The only documentation Plaintiffs have submitted to State Farm with regard to their claim for additional ALE benefits while they were living in Florida are the first four (4) pages of a five-page lease, which does not contain the signature page, and copies of twelve (12) deposit slips, which do not have any information which identifies the Setos as the payers of the deposited amounts. State Farm has advised that it is willing to pay additional ALE benefits upon receipt of appropriate proof. The Setos respond that the information they have provided to State Farm is sufficient to pay the additional ALE benefits to which the Setos are entitled, and that State Farm has simply refused to pay under the "clear pretext that they (sic) have not been furnished 'sufficient' information.' " Pl's Concise Statement, at ¶ 42.

An insurer is not obligated to pay an insured's claims "on demand, no questions asked." *Condio v. Erie Insurance Exchange*, 899 A.2d 1136, 1145 (Pa. Super. 2006). Rather, an insured has the burden of showing that he or she is entitled to coverage. While an insurer can take a stand and protect its interests in the normal course of business, it cannot withhold payment of the claim absent a reasonable basis for doing so.

After a review of the record evidence, the Court finds that the actions of State Farm in denying the request for additional ALE benefits was objectively reasonable. Plaintiffs have simply failed to produce sufficient documentation to support their claim for additional ALE benefits. Plaintiffs have failed to produce a signed lease or any documentation reflecting that Plaintiffs actually incurred living expenses while in Florida. Copies of twelve (12) deposit slips, which do not have any information which identifies the Setos as payers of the deposited amounts is not sufficient. State Farm has advised the Setos that it would pay proven ALE, yet, to date, the Setos have failed to produce adequate documentation. Accordingly, the Court finds that

Plaintiffs have not proven by clear and convincing evidence that that State Farm acted in bad faith in denying the request for additional ALE benefits.

## Conclusion

For the hereinabove stated reasons, the Motion for Partial Summary Judgment filed by State Farm will be granted.  State Farm was under a duty to reasonably investigate all claims, and the undisputed facts in this case suggest that State Farm met this obligation.  Plaintiffs have failed to demonstrate that there are genuine issues of material fact, which if resolved in Plaintiffs' favor would allow a reasonable jury to conclude, by clear and convincing evidence, that State Farm acted in bath faith.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HAROLD G. SETO and ROSEMARY SETO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | 2:10-cv-00505 |
| STATE FARM INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) | |

**ORDER OF COURT**

**AND NOW**, this 11th day of January, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the MOTION FOR PARTIAL SUMMARY JUDGMENT filed by Defendant State Farm Insurance Company is **GRANTED.**

Plaintiffs shall file a pretrial narrative statement on **February 1, 2012.**

Defendant shall file a pretrial narrative statement on **February 22, 2012**.

A pretrial conference is scheduled on **Friday, March 2, 2012, at 9:30 A.M.** in Courtroom 6C, 6th Floor, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219. Counsel shall instruct their clients or principals to attend or be available by telephone to facilitate the amicable resolution of the litigation. **Trial counsel must attend.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Charles C. Gentile, Esquire
Gentile Law Offices
Email: charles.c.gentile@gmail.com

Noah Geary, Esquire
Email: noahgeary@ngearylawoffices.net

Daniel L. Rivetti, Esquire
Robb Leonard Mulvihill LLP
Email: drivetti@rlmlawfirm.com