IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAROLD G. SETO and )
ROSEMARY SETO, )
　 )
　　　　　Plaintiffs, )
　 )
　　　v. )　　　2:10-cv-00505
　 )
STATE FARM INSURANCE COMPANY, )
　 )
　　　　　Defendant. )

**MEMORANDUM OPINION AND ORDER OF COURT**

Presently before the Court for disposition are the following Motions:

(i) STATE FARM'S MOTION TO MARK THE JUDGMENT SATISFIED (Document No. 72) and RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MARK JUDGMENT SATISFIED (Document No. 73); and

(ii) PLAINTIFF'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) FOR RELIEF FROM A JUDGMENT OR ORDER (Document No. 74) and STATE FARM'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) FOR RELIEF FROM A JUDGMENT OR ORDER (Document No. 75).

The parties have fully stated their respective positions and the motions are ripe for disposition.

**Background**

On August 29, 2012, after a trial a jury returned a Verdict for Plaintiffs in this matter in the amount of $22,937.46. Plaintiffs did not make any request for pre-judgment interest on the verdict award.

1

On August 29, 2012, the Court entered Judgment on the Verdict Slip, in favor of Plaintiffs and against Defendant in the amount of $22,937.46. The Judgment did not include an award of, or make reference to, pre-judgment interest.

On September 7, 2012, counsel for Plaintiffs informed counsel for Defendant that Plaintiffs would not file an appeal and requested a check in the amount of $26,126.02,[1] which represented the amount of the verdict plus interest at 6% per annum plus $92.0 0 for court costs.

On or about September 13, 2012, Defendant issued payment in the amount of the judgment ($22,937.46), and informed counsel for Plaintiffs that it would not pay interest or court costs. To date, the check has not been accepted / cashed by Plaintiffs as they contend that they are entitled to pre-judgment interest as well as recoupment of court costs.

## Motion to Mark Judgment Satisfied

Defendant requests that the Court, pursuant to Federal Rule of Civil Procedure 60(b)(5), mark the Judgment satisfied. That rule states:

> (b) [T]he court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:
>
> (5) the judgment has been satisfied, released or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 60(b)(5). On its face, Rule 60(b)(5) does not apply to Defendant's motion. Rule 60(b)(5) provides a court with the discretion to declare a judgment satisfied "when damages **are paid** before trial or a tortfeasor or obligor **has paid** the judgment debt." *AIG Sterling Heights,*

---

[1] Upon independent review, the Court has determined that the amount requested for pre-judgment interest by Plaintiffs is not correct and, therefore, has recalculated the amount of pre-judgment interest to which Plaintiffs are entitled. Based on the Complaint being filed on March 24, 2010, Plaintiffs are entitled to pre-judgment interest in the amount of $3,325.94.

2

*LLC v. American Multi-Cinema, Inc.*, 579 F.3d 1268, 1272 (11th Cir. 2009), *cert. denied*, -- U.S. ---, 130 S.Ct. 3287 (2010) (emphasis added).

Here, although Defendant has issued payment in the amount of the judgment, Plaintiffs have continually rejected that payment. Accordingly, payment of the Judgment remains outstanding and Judgment is not satisfied as Defendant remains in sole possession of the funds.

For this reason, the Motion to Mark the Judgment Satisfied will be **DENIED**.

### Motion Pursuant to Federal Rule of Civil Procedure 60(b) For Relief From a Judgment or Order

As stated *supra,* the Court entered Judgment against the Defendant on August 29, 2012 in the amount of $22, 937.46 upon a jury verdict for Plaintiffs. Plaintiffs did not request, nor did the Court include *sua sponte*, pre-judgment interest in the judgment. However, it is black letter law that "pre-judgment interest in Pennsylvania contract cases is a matter or right*."* *Am. Enka Co. v. Wicaco Mach., Corp.*, 686 F.2d 1050, 1056 (3d Cir. 1982). *See also* 41 Pa. Cons. Stat. Ann. § 202 (setting legal rate of interest at six percent (6%) per annum).

Plaintiff seeks interest on the $22,937.46 judgment, accruing from March 24, 2010, the date of filing of the Complaint, to August 29, 2012, the date judgment was entered. As the prevailing party, under Pennsylvania law, Plaintiffs are entitled to this amount. However, the instant disputes arises because Plaintiffs did not request the Court to amend the judgment until October 11, 2012.

Defendant argues that any motion by Plaintiffs to amend the judgment to allow for the interest must comply with Federal Rule of Civil Procedure 59(e), which provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

3

Fed.R.Civ.P. 59(e).  Under the application of Rule 59(e), because the Court entered Judgment on August 29, 2012, Plaintiffs would have had to file their Rule 59(e) motion on or before September 26, 2012, in order to comply with the 28-day time limit mandated by Rule 59(e). Plaintiffs filed no such motion by September 26, 2012, and any effort to do so at this juncture would be untimely.[2]  Thus, if the Court applied Rule 59(e), Plaintiffs would be unable to secure the pre-judgment interest to which they are entitled.

In contrast, Plaintiffs argue that Rule 60(b) provides ground for relief from a judgment due to a mistake, being that counsel for Plaintiffs failed to seek to amend the Judgment within the time frame mandated by Rule 59(e).

Although Plaintiffs seek relief under Rule 60(b), the Court finds that the more suitable avenue for relief would be under Rule 60(a), as an amendment to add interest which is more appropriately described as a ministerial correction of an omission.  Rule 60(a) provides, "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Thus, under the application of Rule 60(a), because the Court may correct an omission "whenever one is found," the Court could amend the Judgment at this time to add the omitted interest to the Judgment.

The Court notes that on similar facts the United States Court of Appeals for the Third Circuit amended a judgment under Rule 60(a) to add interest entitled to the prevailing party by statute.  *Pfizer Inc. v. Uprichard*, 422 F.3d 124 (3d Cir. 2005).  In *Pfizer*, pursuant to Pennsylvania statute, the prevailing party in an arbitration was entitled to the interest on an arbitration award which accrued between the time that the arbitrator issued the award and the court's confirmation of the award.  *Id*.  Upon confirmation of the award, the court failed to

---

[2] Moreover, Federal Rule of Civil Procedure 6(b)(2) specifically provides that "[a] court must not extend the time to act under Rule[] . . . 59(e) . . . ."  Fed.R.Civ.P. 6(b)(2).

reduce to judgment the amount of interest entitled to the prevailing party. *Id*. The court applied Rule 60(a) to amend the judgment to add this interest. *Id.*

Further, in *Glick v. White Motor Co.*, 458 F.2d 1287, 1294 (3d Cir. 1972), a case relied upon by the *Pfizer* court, our appellate court observed:

> The [district] court held that since the Michigan pre-judgment interest statute requires the allowance of interest from the date of filing suit as a matter of right, the omission of pre-judgment interest was a "critical mistake" which could be corrected by motion under Rule 60(a). We agree.

*Glick* involved the same facts as *Pfizer*, except the Court's judgment in *Glick*, like the Judgment here, failed to include both the prevailing party's entitlement to interest and the calculated interest amount. 458 F.2d at 1289. Notwithstanding this distinction, the *Glick* court applied Rule 60(a) to amend the judgment to add both entitlement to the interest and the calculated amount of interest. *Id.* at 1294. Our appellate court held that where all that is left is the addition of interest, entitled by operation of state law, "the addition . . . is merely a ministerial act which cannot be denied through mere inadvertence, regardless of whether the error goes undiscovered for a period exceeding ten days." *Id.*[3]

*Pfizer* and *Glick* are controlling in this case. Here, like the prevailing parties in *Pfizer* and *Glick,* Plaintiffs are entitled to pre-judgment interest as a matter of right. As in *Pfizer* and *Glick*, the Court entered judgment, but failed to reduce to judgment the amount of interest to

---

[3] Similarly, in *Hayden v. Scott Aviation, Inc.*, 684 F.2d 270, 272 (3d Cir. 1982), the Court of Appeals for the Third Circuit, citing *Glick*, applied Federal Rule of Civil Procedure 60(a), rather than Federal Rule of Civil Procedure 59(e), to amend the district court's judgment to include prejudgment delay damages which were mandatory pursuant to Pennsylvania Rule of Civil Procedure 238.

which Plaintiffs were entitled. Accordingly, as did both the *Pfizer* and *Glick* courts, the Court will amend the judgment under Rule 60(a) to add this interest.[4]

Plaintiffs also seek to amend the Judgment to add $92.00 "for the court cost to file the Complaint." However, pursuant to Local Rule 54(B), a Bill of Costs must be filed and the Clerk of Court will tax costs for a prevailing party. Accordingly, Plaintiffs' request to amend the judgment to include $92.00 as costs will be DENIED. Plaintiffs shall file a Bill of Costs pursuant to Fed.R.Civ.P. 54 and Local Rule of Civil Procedure 54.

## Conclusion

For the hereinabove reasons, the Court finds that Plaintiffs are entitled to interest from March 24, 2010, the date the Complaint was filed, through August 29, 2012, the date Judgment

---

[4]   The Court is aware of the decision of United States Supreme Court in *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989), a case decided seventeen (17) years before *Pfizer*. In *Osterneck*, the Supreme Court held that if an interest provision is not included in the judgment, a motion to amend the judgment to add prejudgment interest must comply with Fed.R.Civ.P. 59(e). 489 U.S. at 176. Significantly, the Supreme Court noted that an examination of the applicability of prejudgment interest would require the district court to "reexamine matters encompassed within the merits of the underlying action." *Id*. Accordingly, the Court held that the interests of avoiding piecemeal appellate review of judgments and promoting the finality of judgments were best served by applying the time constraints of Rule 59(e) to post-judgment motions for prejudgment interest. *Id.* at 177.

In *Osterneck*, the issue arose in the context of the prevailing party seeking prejudgment interest on compensatory damages awarded in the underlying judgment on the merits. This is prejudgment interest in the classic sense because it refers to interest which was earned before a determination of the merits, *i.e.,* entry of judgment and requires a reexamination of events prior to the entry of judgment. *Id*. In contrast, here, Plaintiffs seek interest which accrued after the merits based determination, i.e., the jury's Verdict, and which does not require a reexamination of events prior to the entry of judgment.

Because of this distinction, the *Osterneck* Court's concern for finality of judgments and avoidance of piecemeal review, which necessitated the use of Rule 59(e), is not implicated here. Thus, the Court finds that *Osterneck* is not inconsistent with *Pfizer*.

was entered, in the amount of $3,325.94.  Pursuant to Rule 60(a), the Court will amend the judgment entered on August 29, 2012 to add this amount.

An appropriate Order follows and an Amended Judgment shall be entered.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD G. SETO and ROSEMARY SETO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | 2:10-cv-00505 |
| STATE FARM INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 16th day of October, 2012, it is hereby **ORDERED** that Defendant's Motion to Mark the Judgment Satisfied is **DENIED** and Plaintiffs' Motion For Relief From a Judgment or Order is **GRANTED IN PART AND DENIED IN PART,** as follows:

**IT IS ORDERED** that Plaintiff's motion to amend the judgment to include pre-judgment interest is **GRANTED**.

**IT IS FURTHER ORDERED** that the Judgment entered by the Court on August 29, 2012, (Document No. 71) is AMENDED by adding the following sentence:

> Additionally, Defendant, State Farm Insurance Company shall pay Plaintiffs, Harold G. Seto and Rosemary Seto, pre-judgment interest at the rate of 6% per annum, in the amount of $3,325.94, for a total of $26,263.40.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the judgment to include court costs is **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Charles C. Gentile, Esquire
Gentile Law Offices
Email: charles.c.gentile@gmail.com

Noah Geary, Esquire
Email: noahgeary@ngearylawoffices.net

Daniel L. Rivetti, Esquire
Robb Leonard Mulvihill LLP
Email: drivetti@rlmlawfirm.com